8          UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER NATHANIEL EL-BEY          No.  2:19-cv-2251 WBS DB PS
     WASHINGTON,
12

13                  Plaintiff,                        ORDER

14          v.

15   ELLAOISE WASHINGTON,

16                  Defendant.

17

18          Plaintiff Christopher Nathaniel El-Bey Washington is a prisoner proceeding in this action

19   pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and

20   28 U.S.C. § 636(b)(1).  On November 7, 2019, plaintiff filed a complaint and motion to proceed

21   in forma pauperis.  (ECF Nos. 1 & 2.)  The complaint alleges that court has diversity jurisdiction

22   over this action because plaintiff is a citizen of California and defendant is a citizen of Kansas.

23   (Compl. (ECF No. 7) at 7.)  It is unclear from the complaint's allegations, however, if this court is

24   the appropriate venue for this action.

25          Pursuant to 28 U.S.C. § 1391:

26              A civil action may be brought in--

27              (1) a judicial district in which any defendant resides, if all defendants
                are residents of the State in which the district is located;
28

                                          1

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As noted above, defendant is alleged to reside in Kansas. With respect to where the events giving rise to plaintiff's claim occurred, the complaint simply alleges that the defendant contracted to supply goods "within the State of California[.]" (Compl. (ECF No. 1) at 8.) And the complaint does not allege any facts establishing that the defendant is subject to the court's personal jurisdiction.

Accordingly, IT IS HEREBY ORDERED that within sixty days of the date of this order plaintiff shall file a supplemental memorandum addressing why this court is the appropriate venue for this action.[1]

DATED: April 10, 2020                    /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, plaintiff may also comply with this order by filing an amended complaint addressing the issues noted above. Or, if plaintiff no longer wishes to pursue this action in this court, plaintiff may comply with this order by filing a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.