UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL EL-BEY WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ELLAOISE WASHINGTON,<br><br>Defendant. | No. 2:19-cv-2251 WBS DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Christopher Nathaniel El-Bey Washington is a prisoner proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, motion for injunctive relief, and motion for summary judgment. (ECF Nos. 1, 2, 10 & 11.) While difficult to decipher, plaintiff's complaint appears to allege that the defendant engaged in breach of contract and copyright infringement in connection with a publishing contract entered into by the parties.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without prejudice.

1

I.  **Plaintiff's Application to Proceed In Forma Pauperis**

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as

true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.  Plaintiff's Complaint

Pursuant to 28 U.S.C. § 1391:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, on April 13, 2020, the undersigned issued an order advising plaintiff that it appeared from the complaint that this court was not the appropriate venue for the action.  (ECF No. 6.)  In this regard, the complaint alleges that "at all times" defendant was "domiciled in and is a citizen of the state of Kansas."  (Compl. (ECF No. 1) at 7.[1])  That on January 26, 2012, and November 12, 2012, plaintiff and defendant entered into a contract.  (Id. at 8.)  Attached to the complaint is a

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff

3

1  "SECURITY AGREEMENT" dated January 26, 2012. (Id. at 12.) The addresses for both
2  plaintiff and defendant reflected on that document are in Witchita, Kansas. (Id.) The document
3  was apparently presented to a Notary Public in Los Angeles. (Id. at 27-28.)

4      Also attached to the complaint is an "AFFIDAVIT AND DECLARATION" purportedly
5  signed by defendant stating that defendant did enter into a contract with plaintiff on November
6  12, 2012, "in the amount of $500.000 in exchange for taking full responsibility and assisting . . .
7  regarding case number 6:12-cv-01056 Kansas Federal District Court[.]" (Id. at 29.) That
8  document was presented to a Notary Public in Kansas. (Id. at 30.)

9      The complaint also asserts a claim for "common law copyright infringement" pursuant to
10 28 U.S.C. § 1400. (Id. at 9.) But 28 U.S.C. § 1400 provides that "[c]ivil actions . . . arising under
11 any Act of Congress relating to copyrights . . . may be instituted in the district in which the
12 defendant or his agent resides or may be found."

13     Accordingly, plaintiff was ordered to file a supplemental memorandum addressing why
14 this court is the appropriate venue for this action within sixty days. (ECF No. 6.) Plaintiff filed
15 numerous filings in response. (ECF Nos. 7-9.) Those filings, however, are difficult to decipher
16 and confuse the issues of personal jurisdiction and subject matter jurisdiction, with the issue of
17 venue noted above. Most importantly, none of plaintiff's filings establish that the defendant
18 resides in this district, a substantial part of the events at issue took place in this district, or that
19 there is no district in which this action could be brought.

20     For the reasons stated above the undersigned finds that this court is not the appropriate
21 venue for this action and will recommend that plaintiff's complaint be dismissed without
22 prejudice. See In re Hall, Bayoutree Associates, Ltd., 939 F.2d 802, 804 (9th Cir. 1991). In light
23 of this recommendation, the undersigned will also recommend that plaintiff's motion for
24 preliminary injunction and motion for summary judgment be denied as having been rendered
25 moot.
26 ////
27 ////
28 ////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 7, 2019 motion to proceed in forma pauperis (ECF No. 2) be denied;

2. The November 7, 2019 complaint (ECF No. 1) be dismissed without prejudice;

3. The June 1, 2020 motion for injunctive relief (ECF No. 10) be denied;

4. The July 13, 2020 motion for summary judgment (ECF No. 11) be denied; and

5. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\washington2251.venue.f&rs